*Twenty-sixth Judicial District.*

## In the Court of Quarter Sessions of Wyoming Co.

### *In re* ROAD IN NORTH BRANCH TOWNSHIP.

1. Common law has no jurisdiction in road cases—they a e regulated by statute.
2. An order to lay out a road does not authorize viewers to vacate.
3. A road cannot be changed on an o: e .o lay out or vacate.
4. The practice pro e · in issuing o ders by the clerk.
5. When the order is to lay a road it requires further order to vacate. But where it is to change location, such change necessarily vacates the old road.
6. The facts recited from petition is no part of the order.

Opinion delivered January 20th, 1873, by

ELWELL, P. J. In road cases the court has no common law jurisdiction—we must therefore look to the statutes for our authority and the mode of proceeding. From these we derive the power to lay out roads, proceeding by views and reviews, to change the location of any road that has been laid out, or to vacate the same in whole or in part, by a like mode of proceeding. Viewers derive their authority under the law from the order of the court, and are bound by the directions therein contained. It is therefore important that the order should clearly point out to the viewers what they are required to do. It needs no argument or authorities to

prove that an order to *lay out* a road, would not warrant a report of viewers *vacating* a road ; nor that an order to *vacate* will not authorize the laying out of a new road.   It is equally clear that changing a road cannot be done under an order to lay out or to vacate a road.   It follows that whenever a petition is presented, whether for laying out a road, or for changing or vacating a road before laid out, the order *must* clearly direct the viewers as to what is desired by the petitioners, and to do it if they see cause.

The printed form of order used in cases of original views to lay out a road, are not adapted to the case of an application to change the route of a road already laid out.

When the order is to lay out a road, unless there is a further order to vacate all roads rendered unnecessary by such road, there is no power to vacate any other road.   But when it is to change the location of a road, such change at once, and without any other order, vacates the part of the road thus supplied.   The authority to alter a road is an authority to substitute a new road for an old one, and whenever this is done, the old road, so far as it is supplied by the new one, is vacated.   Per Lewis, C. J. Millcreek *v.* Reed, 5 Casey 197.

In the case under consideration, the petitioners asked for a *change* for a short distance in the road in question ; the order directs the laying out of a new road, in the usual form.   It recites. the petition correctly, but in the mandate to the viewers, wholly omits any allusion to a change in the road.   It should be understood that the recital of the facts stated in the petition, does not constitute the *order* of court.   Such recital in the first part of the order is necessary, in order to show what the petitioners desire, and in the order proper, the command should be to do the thing requested, if upon view it was deemed expedient.   In other words, the form of the order should be adapted to the circumstances, and fairly guide the viewers in the performance of their duty.   It cannot be that the petitioners intended to burden the township with two nearly parallel roads for the distance of 32 rods, and yet, according to the order and the report, such would be the case.   No change in the old road is made, but a new road is laid out ; and if their proceedings were to stand, this small piece of the old road will remain as a highway until vacated by a future proceeding.   Whenever there is a change in the location of a road, the proceedings should be conducted so that no second set of proceedings shall be necessary.   Order and report set aside.